UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ALAN JOSUE RUIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:16-cv-00227-TWP-TAB |
| | ) | |
| SMITH Sgt., | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Dismissing Complaint and Directing Plaintiff to Show Cause**

**I. Plaintiff's Failure to Amend**

This action was filed on December 9, 2016, when the claims in a prior case were severed. The plaintiff was directed to file an amended complaint containing only the allegations and claims asserted against Sgt. Smith. Dkt. 5. He submitted a single page entitled "amended complaint," but it contained no allegations. He has since been directed to amend his complaint in the Entries of July 17, 2017, dkt. 27, August 29, 2017, dkt. 32, and again October 4, 2017, dkt. 35. He was given additional opportunities because of his changes in address. He has been warned that failure to amend would result in the dismissal of the action for failure to comply with Court orders and failure to prosecute.

In the plaintiff's most recent filing, he stated, "Plaintiff does not want an amended complaint. Plaintiff wants justice to be served in this case. Plaintiff prays that the Judge will understand Plaintiff and his decision." Dkt. 38.

**II. Screening the Complaint**

Rather than dismiss the complaint solely on the basis of the plaintiff's refusal to amend, the Court shall screen the complaint in accordance with 28 U.S.C. § 1915A(b). Pursuant to 28

U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

There is a single mention of Sgt. Smith in the complaint. "Sgt. Smith seized my in-house mail to Capt. Fleming, Boyle, Director Conlen, also my white sours and white boters in front of Section 2A…." Dkt. 2, p. 3. This may not be an accurate recitation because the Court may have mis-read Mr. Ruiz' handwriting.

Defendant Sgt. Smith answered the complaint to the best of her ability, admitting that "on September 23, 2016, the Plaintiff was sent to segregation Pod 2A from Section 1B, admits the Plaintiff was not permitted to take certain items into the cell in which he was placed, admits all of his property that he was not permitted to take into the cell was inventoried and returned to him upon his release from Pod 2A, denies he was not permitted to take with him any mail items as alleged, denied her conduct, actions or omissions constituted a violation of the Plaintiff's constitutional rights…. Dkt. 11, p. 2.

There is no constitutional right on the part of an inmate to retain all of his personal property in his cell at all times. The claim against Sgt. Smith, as best understood by the Court and the defendant, is therefore **dismissed for failure to state a claim upon which relief can be granted**. Although the Court has grounds to dismiss the action for failure to comply with Court orders at this time, because it has addressed the merits of the claim, the plaintiff shall have an opportunity, **through December 6, 2017,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of

court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Failure to show cause as directed by the deadline will result in the dismissal of the action without further notice.

**IT IS SO ORDERED.**

Date: 11/7/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Alan Josue Ruiz
1200 NW 43rd Street
Miami, FL  33142