UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

ALAN JOSUE RUIZ, )
)
        Plaintiff, )
)
   vs. ) No. 4:16-cv-00227-TWP-TAB
)
SMITH SGT., )
)
        Defendant. )

**Entry Screening Amended Complaint and Directing Further Proceedings**

**I. Screening**

The complaint in this action was dismissed for failure to state a claim upon which relief can be granted. After the plaintiff was given several opportunities to amend his complaint, he filed a response to the Entry directing him to amend. That filing, dkt. 40, shall be treated as an Amended Complaint. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendant. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

**II. The Amended Complaint**

In his amended complaint, the plaintiff alleges that defendant Sgt. Smith of the Clark County Jail placed him in segregation for no reason other than because the plaintiff had written grievances complaining about inadequate medical care. This claim of retaliation under the First Amendment **shall proceed**.

The plaintiff also alleges that after he snuck commissary items "in his mat" and he was searched, defendant Sgt. Smith confiscated his property, including in-house mail, a Bible, and legal paperwork. Dkt. 40, p. 2. A claim for property loss would conceivably arise under the due process clause, but as long as the plaintiff has an adequate post-deprivation remedy, which he has in the form of a state law tort claim, he is not entitled to any additional constitutional protection. *See Gates v. City of Chicago,* 623 F.3d 389, 410 (7th Cir. 2010); *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Moreover, to the extent the plaintiff alleges only negligence, claims of negligence do not support a constitutional claim. *See Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983). The plaintiff's claim for property loss is **dismissed for failure to state a claim upon which relief can be granted.**

Finally, the Court has considered whether the plaintiff has stated a denial of access to the courts claim by virtue of the loss of legal papers. Here, though, there is no viable claim because the plaintiff has not alleged any prejudice. To state a denial of access to the courts claim, a plaintiff must allege a resulting injury, meaning that "some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). The plaintiff has alleged no such injury.

### III. Duty to Update Address

As the pro se plaintiff has already been informed, he shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the

action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

The plaintiff is also directed to submit his phone number, which the Court may use to contact him to schedule any pretrial conferences that might be scheduled.

### IV. Response to Amended Complaint

Sgt. Smith has appeared in this action. She shall have **through February 12, 2018,** in which to file an answer or otherwise respond to the amended complaint.

The **clerk shall modify the docket** such that the plaintiff's filing of December 26, 2017, dkt. 40, is the Amended Complaint.

**IT IS SO ORDERED**

Date: 1/19/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Alan Josue Ruiz
1200 NW 43rd Street
Miami, FL 33142