UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ALAN JOSUE RUIZ, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-cv-00227-TWP-DML |
| SMITH, | ) |
| Defendant. | ) |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Alan Josue Ruiz alleges in his amended complaint that while he was an inmate at the Clark County Jail, defendant Sgt. Smith placed him in segregation because he had written grievances complaining about inadequate medical care. *See* dkts 40 (Amended Complaint) and 41 (Screening Entry). Sgt. Smith seeks the resolution of this First Amendment retaliation claim through summary judgment. For the reasons explained below, Sgt. Smith's unopposed motion for summary judgment, dkt [52], is **granted.**

**I.    SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse

party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. BACKGROUND

### A. Procedural Background.

Mr. Ruiz failed to respond to the defendant's summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the

party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"). The Seventh Circuit has "repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions." *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009); *see also Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). That is the case here. The Southern District of Indiana's Local Rule 56-1 shall be enforced. *See also McNeil v. United States*, 508 U.S. 106, 113 (1993).

**B.     Undisputed Facts**

On multiple occasions prior to September 22, 2016, Mr. Ruiz informed officers at the Clark County Jail that he wished to refuse further medical treatment. *See e.g.*, 54-2 at p. 8 ("[I] don't need to be seen no more [I'm] going to refuse."). At approximately 11:30 a.m. on September 22, 2016, Clark County Jail Nurse Ben Dooley, along with fellow Medical Officers Becca Bauer and Alli Kramer, removed Mr. Ruiz from his housing location so that he could sign a Refusal of Medical Treatment form memorializing his previous statements regarding his wish to refuse further medical treatment. Dkt. 54-2. Once Mr. Ruiz was removed from his housing location, he signed the Refusal of Medical Treatment form. Dkt. 54-2.

Nurse Dooley testified that after Mr. Ruiz signed the Refusal of Medical Treatment form, she explained to him that, because of his refusal of medical treatment, he had to turn over an ACE bandage, which the Jail had issued for his wrist and that the Jail would no longer administer him Advil. Dkt. 54-2 at 2 (Dooley Affidavit). Mr. Ruiz then said "f**k it, fine by me, I'm better off without you guys." *Id.* Mr. Ruiz then turned to Nurse Dooley in a threatening manner and said

3

"you think you're bad because you're a big motherfucker?" *Id.* Nurse Dooley directed Mr. Ruiz back to his housing location. *Id.* at 3. Mr. Ruiz continued to be verbally abusive towards Jail staff as he returned to his housing location. *Id.*

After his interaction with Mr. Ruiz, Nurse Dooley contacted Sgt. Smith and requested that Mr. Ruiz be placed into segregation because of Mr. Ruiz's threatening behavior and abusive language towards Clark County Jail staff. *Id.* Nurse Dooley did not request Mr. Ruiz be placed into segregation as punishment for submitting grievances and/or medical inquiries. *Id.*

Sgt. Smith testified that at no time did anyone ask him to place Mr. Ruiz into segregation as punishment for submitting grievances and/or medical inquiries. Dkt. 54-1 at p. 3 (Smith Affidavit). Sgt. Smith did not place Mr. Ruiz into segregation on September 22, 2016, or at any other time, as punishment for Mr. Ruiz submitting grievances and/or medical inquiries. *Id.* Sgt. Smith placed Mr. Ruiz into segregation on September 22, 2016, because Mr. Ruiz acted in a threatening manner towards Clark County Jail staff and used abusive language towards Clark County Jail staff in violation of the Clark County Jail's rules for inmate behavior. *Id.* Specifically, Mr. Ruiz's behavior towards Nurse Dooley and other Clark County Jail staff on September 22, 2016, was in violation of the Clark County Jail rules against "threatening, harassing, bribing, or attempting to bribe any individual while in custody," and "making loud and boisterous noises or using profane language." *Id.* (citing 54-1, Clark County Law Enforcement Facility Rules at p. 18-19). The Clark County Jail rules for inmate behavior provide that an inmate may be placed into segregation for up to 30 days for violating the rules. *Id.*

## III. DISCUSSION

Mr. Ruiz alleges that Sgt. Smith placed him in segregation for no reason other than because he had written grievances complaining about inadequate medical care. Sgt. Smith argues that she is entitled to judgment as a matter of law because she did not violate Mr. Ruiz's First Amendment rights when she placed in him segregation for violating the Clark County Jail rules and because she is entitled to qualified immunity.

### A. Retaliation

To prevail on a First Amendment retaliation claim, Mr. Ruiz must ultimately show that: "(1) [he] engaged in activity protected by the First Amendment; (2) [he] suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity [he] engaged in was at least a motivating factor for the retaliatory action." *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The record reflects that Mr. Ruiz filed many medical grievances regarding the treatment he received or failed to receive at the Clark County Jail. *See* dkt. 54-2 (medial grievances). "[F]iling a non-frivolous grievance is a constitutionally protected activity sufficient to support a retaliation claim." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016) ("Grievances addressed to a government agency are, if intelligible, nonfrivolous, and nonmalicious, petitions for the redress of grievances within the meaning of the First Amendment and are therefore prima facie protected by the amendment."); *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) ("A prisoner has a First Amendment right to make grievances

about conditions of confinement."). Accordingly, Ruiz has engaged in an activity protected by the First Amendment.

Sgt. Smith is entitled to summary judgment, however, because there is no evidence upon which to conclude that the submission of medical grievances was a motivating factor in the decision to place Mr. Ruiz in segregation. Instead, the undisputed evidence shows that Mr. Ruiz was placed in segregation because he violated Clark County Jail rules for inmate behavior. He was disciplined for violating the Clark County Jail's rules against "threatening, harassing, bribing, or attempting to bribe any individual while in custody," and "making loud and boisterous noises or using profane language." These rule violations are not protected speech. The Seventh Circuit applies "the *Turner* penological interests test to determine whether [the inmate] has alleged that he engaged in protected speech." *Bridges*, 557 F.3d at 551. "[W]e examine whether the prisoner engaged in speech in a manner consistent with legitimate penological interests." *Watkins*, 599 F.3d at 794-95. Courts consider "whether a 'valid, rational connection' exists between the regulation and the legitimate interest put forth to justify it; whether 'alternative means of exercising the right … remain open to prison inmates'; 'the impact accommodation of the asserted constitutional right' will have on prison officials and inmates' and the availability of 'obvious, easy alternatives' to the challenged regulation." *Id.* at 796–97; *see also, e.g.*, *Garner v. Brown*, __ F. App'x __, 2018 WL 5778386 *2 (7th Cir. Nov. 2, 2018).

The Seventh Circuit has held that an inmate may be disciplined for insolence, including cursing, because there is a rational connection between prohibiting insolence and the fundamental penological interest of maintaining order. *See Clayton-El v. Caraway*, 977 F.2d 585 (7th Cir. 1992). Mr. Ruiz's threatening, harassing, and profane language was not protected speech and his

6

First Amendment rights were not violated by his placement in segregation as punishment for that behavior. *See Ustrak v. Fairman*, 781 F.2d 573, 580 (7th Cir. 1986) (affirming dismissal claim challenging prisoner's punishment for indecent language).

### B. Qualified Immunity

Sgt. Smith argues that she is also entitled to qualified immunity. "'Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019) (*quoting Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018) (*per curiam*)). The Seventh Circuit has explained that, "[a] state official is protected by qualified immunity unless the plaintiff shows: (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Reed v. Palmer*, 906 F.3d 540, 546 (7th Cir. 2018) (internal quotations and citations omitted). "'If *either* inquiry is answered in the negative, the defendant official' is protected by qualified immunity." *Id.* (quoting *Green v. Newport*, 868 F.3d 629 (7th Cir. 2017)). In this case, there was no constitutional violation, thus Sgt. Smith is entitled to qualified immunity and the defense need not be considered further.

### IV. CONCLUSION

Defendant Sgt. Smith's unopposed motion for summary judgment is **GRANTED.** Mr. Ruiz's First Amendment rights were not violated, and Sgt. Smith is entitled to qualified immunity. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/13/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALAN JOSUE RUIZ
1200 NW 43rd St.
Miami, FL 33142

Corey J. Dunn
KIGHTLINGER & GRAY LLP
cdunn@k-glaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com